UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STATE FARM LIFE INSURANCE
COMPANY, an Illinois
corporation,

          Plaintiff,

  v.

CARI VIVIAN, individually,
KERIN JOHNSTON, indivdually,
LISA STEED, individually,
LYNNE ANDREW, individually,
and JONNA COBB, individually,

          Defendants.

NO. CIV. S-05-01738 WBS PAN

MEMORANDUM AND ORDER

----oo0oo----

          Based on a preliminary agreement reached during a Voluntary Dispute Resolution session in which the parties indicated they would later draw up a final settlement agreement, defendants Kerin Johnston, Lisa Steed, Lynne Andrew, and Jonna Cobb move to enforce settlement and for sanctions against defendant Cari Vivian.

          After participating in the court's Voluntary Dispute Resolution Program, on February 22, 2006, all counsel and parties and all counsel signed a handwritten, tentative agreement.

1

(Moving Defs.' Mot. to Enforce Settlement 3.); see also Vivian Decl. ¶ 6.)  Pursuant to this agreement and under a heading entitled "Division of life insurance proceeds ($186,000)," the life insurance proceeds were to be divided as follows: $134,800 of the proceeds were to go to the "children & their attorneys," and $51,200 were to go to "Cari & her attorney."[1]  (Moving Defs.' Mot. to Enforce Settlement Ex. A (Tentative Agreement).)  The agreement also contained the following: (1) a provision to divide the interest among the parties, (2) the statement "All claims known & unknown," (3) a provision for the parties to draw up a settlement agreement, and (4) the statement "Confidential." (Id.)

       Defendant Vivian admits that she agreed to the division of funds, the confidentiality provision, and to release all parties from any claims or liabilities in connection with John Vivian's insurance policy.  (Vivian Decl. ¶ 8.)  However, she disputes that the agreement contemplated a release of all claims or liabilities relating to her deceased husband, to their community property, and to ongoing fraud or criminal acts.  (Id. ¶¶ 8, 9.)  In particular, she claims that, during her marriage, her husband sold a home they owned in joint tenancy and deposited the funds, along with funds from a joint account, into a credit union account for one of his daughters.  (Id. ¶ 3.)

       For this reason, defendant Vivian contends she has a $34,000 claim against her husband's estate and that she "did not

---

[1] Defendant Vivian's name was initially misspelled as "Carrie," but the word "Cari" was subsequently printed over the misspelling.

2

intend to give up the right to pursue this claim in settlement." (Id. ¶ 4.) The moving defendants disagree, and contend that the settlement was intended to cover all claims arising out of defendant Vivian's marriage to the deceased.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). However, this power is constrained by two requirements: (1) the agreement must be complete and (2) the parties must have agreed to the terms or authorized their counsel to agree for them. Id.; Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002). Because the parties dispute whether the release in the settlement agreement should include a release of defendant Vivian's rights to the proceeds of the community property dispute, the court cannot enforce this settlement.

IT IS THEREFORE ORDERED that the joint motion by defendants Kerin Johnston, Lisa Steed, Lynne Andrew, and Jonna Cobb to approve settlement, and their request for monetary sanctions be, and the same hereby are, DENIED.

DATED: May 17, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE