UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STATE FARM LIFE INSURANCE
COMPANY, an Illinois
corporation,

        Plaintiff,

  v.

CARI VIVIAN, individually,
KERIN JOHNSTON, indivdually,
LISA STEED, individually,
LYNNE ANDREW, individually,
and JONNA COBB, individually,

        Defendants.

NO. CIV. S-05-01738 WBS PAN

ORDER

----oo0oo----

Defendant Cari Vivian's attorney, John D. Broghammer, moves to be relieved as counsel pursuant to Rule 83-182(d) of the Local Rules of Practice for the United States District Court, Eastern District of California, which indicates that a court may grant leave to withdraw when the client will be left <u>in propia persona</u> subject to such conditions as the court deems fit, and further provides that withdrawal of an attorney is governed by the California Rules of Professional Conduct.  California Rule of Professional Conduct 3-700 permits withdrawal provided that an

attorney seeking to withdraw from employment gives due notice to the client and takes reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client when the client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. R. of Prof. Conduct 3-700(d).

Defendant Cari Vivian has been given due notice and was present in court on the hearing of this motion; additionally, her counsel has indicated that he has attempted to take all reasonable steps to avoid prejudicing his client.  (Mot. to Withdraw as Counsel 2.)  Further, counsel has demonstrated that defendant Cari Vivian's conduct renders his continued employment as her counsel unreasonably difficult.[1]

IT IS THEREFORE ORDERED that John D. Broghammer's motion to be relieved as counsel for defendant Cari Vivian be, and the same hereby is, GRANTED.

DATED: May 17, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Counsel also indicated that continued representation of defendant Cari Vivian would cause him to violate other provisions of the California Rules of Professional Conduct, but could not provide additional information without disclosing confidential attorney-client communications. (Broghammer Decl. ¶ 5.)

2