IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STATE FARM LIFE INSURANCE COMPANY,

      Plaintiff,

vs.

CARI VIVIAN, et al.,

      Defendants.

No. CIV S-05-1738 WBS EFB PS

ORDER AND FINDINGS AND RECOMMENDATION

This is an interpleader action filed by a life insurance company to resolve conflicting claims to the proceeds of a life insurance policy. The case was the before court on November, 15, 2006, for hearing on the motion to strike defendant Cari Vivian's answer to the complaint in interpleader, filed by co-defendants in that action, Kerin Johnston, Lisa Steed, Lynne Andrew and Jonna Cobb. Ross R. Nott appeared on behalf of the moving defendants and cross-claimants (referred to herein as "Johnston, Steed, Cobb, and Andrew" or "the daughters" or "the moving defendants"). Jeff Klink appeared on behalf of defendant and cross-defendant Cari Vivian. Having heard oral argument and considered all submitted papers, the court issues the following findings and recommendations.

////

////

1

I. BACKGROUND

This action was initiated on August 26, 2005, by State Farm Life Insurance Company ("State Farm"), which filed a complaint in interpleader regarding the proceeds of a life insurance policy held by John Vivian. Mr. Vivian died on December 20, 2004, and was survived by four daughters – Johnston, Steed, Cobb, and Andrew – and an estranged wife, Cari Vivian, who is the daughters' stepmother. At the time of Mr. Vivian's death, State Farm had on file a change of beneficiary form naming the daughters as sole beneficiaries to his $186,418.31 life insurance policy. *See* Complaint, ¶ 12, 16. After Mr. Vivian's death, the estranged wife, Cari Vivian, contacted State Farm regarding a different change of beneficiary form. That form was dated weeks before Mr. Vivian's death and purports to change the intended beneficiaries from the four daughters to Cari Vivian alone. This purported change was not received by State Farm prior to Mr. Vivian's death. Complaint, ¶ 17. According to the daughters, State Farm submitted the dueling beneficiary forms to a documents expert, who opined that the form submitted by Cari Vivian was a forgery. It is further contended that he previously investigated a case involving Cari Vivian and an alleged forgery with regard to another decedent. *See* Motion to Strike Answer of Defendant Cari Vivian, at 3:27– 4:17.

In light of the dispute regarding the rightful beneficiaries of the life insurance proceeds, State Farm filed this action in interpleader, naming all the claimants as defendants. The defendants submitted to the court's voluntary dispute resolution program, and reached a tentative agreement regarding division of the proceeds. Having reached an agreement, the parties stipulated to dismissal of the case, which was ordered by the district judge on February 10, 2006.

However, a dispute later arose among the defendants concerning the terms of a release clause contained in the settlement agreement. More specifically, the parties disputed whether the release barred Cari Vivian from pursuing claims to other property in Mr. Vivian's estate. The daughters contended that the release clause barred such claims, while Cari Vivian contended it did not. The daughters filed a motion to enforce the settlement agreement on April 6, 2006,

2

which the district judge denied based on the dispute as to the meaning of the release clause. Accordingly, the parties proceeded with the litigation, although Cari Vivian did so *in propria persona* for several months following her attorney's withdrawal from the case on May 15, 2006.

On June 5, 2006, defendants Johnston, Steed, Cobb, and Andrew filed a crossclaim against Cari Vivian, alleging fraud and intentional infliction of emotional distress. Cari Vivian requested additional time to answer the crossclaim, and the district judge granted her an extension of time up to and including August 28, 2006. Ms. Vivian disobeyed this order and did not file an answer to the crossclaim until November 8, 2006. Even though Cari Vivian was without benefit of representation for some of this time, she did manage to retain counsel as early as September 25, 2006. *See* Declaration of Jeff Klink in Opposition to Amended Motion to Strike ("Klink Declaration"), at ¶¶ 1-2.

Even after retaining counsel, Cari Vivian continued to disobey court orders. Proceeding with the litigation, the daughters propounded discovery on Ms. Vivian, beginning in early June 2006. *See* Motion to Strike Answer of Cari Vivian, at 14:1-2 (Declaration of Ross Nott at ¶ 5). Ms. Vivian failed to provide responses to that discovery. Accordingly, defendants Johnston, Steed, Cobb, and Andrew filed a motion to compel on July 17, 2006. *See* Amended Motion to Strike Answer of Cari Vivian, at 5:21-6:7. Cari Vivian did not respond to this motion either. She failed to cooperate in preparing a joint stipulation as required under Local Rule 37-251, s*ee* Defendants' Rule 37-251(e) Exception from Required Joint Statement Re: Discovery Disagreement, and did not bother to appear at the August 17, 2006 hearing on that motion. On August 22, 2006, Magistrate Judge John F. Moulds granted the motion to compel and ordered Cari Vivian to respond within ten days to the daughters' special interrogatories and requests for production of documents. Judge Moulds also sanctioned Cari Vivian, ordering her to pay

////

////

////

3

$2,100 for expenses incurred in bringing the motion.[1]

Ms. Vivian disobeyed this court order as well, and never provided the court with any legitimate reason for her failure to comply. In light of her disobedience of that order, defendants Johnston, Steed, Cobb, and Andrew filed the present motion to strike Cari Vivian's answer to the complaint in interpleader and to enter a default judgment in favor of the other claimants to the interplead funds.

Even with regard to this pending motion to strike, Cari Vivian has continued to exhibit flagrant disregard for the court's local rules and scheduling orders. She did not file an opposition to the motion to strike. Instead, her attorney filed a a "declaration" purporting to oppose the motion. That declaration, to the extent it can be construed as an opposition, was filed seven days late in violation of Local Rule 78-230(c). It was also filed in violation of Local Rule 5-133 which requires electronic filing. The substance of the declaration, although offering some purported excuses regarding the untimeliness of Vivian's discovery responses, proffered nothing in the way of "good cause" to excuse Cari Vivian's repeated failures to obey court orders and applicable rules.[2]

In response to Ms. Vivian's willful disregard of two court's orders, the Federal Rules of Civil Procedure, and the Local Rules, the daughters seek monetary sanctions incurred in bringing the present motion ($2,625) and an order striking Vivian's answer to the complaint in interpleader.

////

---

[1] On August 29, 2006, the case was reassigned to the undersigned for all further proceedings.

[2] Vivian's attorney states in the declaration, "I agreed to represent Ms. Vivian on September 25, 2006. At that time, I believed I would be able to respond to . . . [the] various discovery requests before I left on a 2-week vacation on October 4, 2006. Unfortunately, the press of other business was greater. . . . Since arriving back from vacation [on October 18, 2006,] . . . I still have not been able to devote time to Ms. Vivian's case." Klink Declaration, at ¶ 2, 3.

## II. DISCUSSION

Here, the relief sought by defendants Johnston, Steed, Cobb, and Andrew amounts to a dismissal of Vivian's claim to the interplead life insurance proceeds. "Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery order, including dismissal." *Valley Eng'r, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). The Ninth Circuit has articulated a five-part "test" to determine whether a dismissal sanction is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Id.* at 1057 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)).

This multi-factor test is not "a mechanical means of determining what . . . sanction is just." *Valley Eng'r*, 158 F.3d at 1057. Rather, the list of factors is a way for a judge to think about what to do, and is not a "series of conditions precedent before the judge can do anything." *Id.*

The court has carefully considered these factors and finds that they weigh heavily in favor of striking Vivian's answer and granting default judgment in favor of the daughters. As a general matter, where a court order is violated, the first two factors favor imposition of sanctions. *Valley Eng'r*, 158 F.3d at 1057. Here, however, two court orders have been violated (the August 22, 2006 discovery order and the district judge's August 28, 2006 order regarding time for filing an answer to the crossclaim) and earlier attempts to use monetary sanctions to motivate compliance have been completely ineffective. Thus, these factors weigh in favor of a stronger sanction.

Although the fourth factor cuts against what amounts to a dismissal sanction, the third and fifth factors weigh in favor of such a sanction. With regard to the third factor (prejudice to the party seeking sanctions), the court considers whether the moving party has been prejudiced

by the offending party's actions, including whether the offending party has interfered with the other's ability to go to trial. *Malone*, 833 F.2d at 131. The Ninth Circuit has held that "failure to produce documents as ordered . . . is considered sufficient prejudice." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (upholding the district court's sanction of striking the disobedient party's answer) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997)).

    Here, defendants Johnston, Steed, Cobb, and Andrew were dragged back into litigation after defendant Cari Vivian decided against finalizing the settlement agreement. Despite Ms. Vivian's decision to reopen the litigation, she has proceeded in a manner that shows blatant disregard for applicable rules and court orders for management of that litigation. Cari Vivian refused to respond to the daughters' discovery requests and utterly ignored a court order requiring her responses within ten days. Ms. Vivian's disobedience has been at the expense of defendants Johnston, Steed, Cobb, and Andrew, who have lost time and money in fees and costs in their efforts to proceed with this litigation. Even the court's intervention has not persuaded Cari Vivian to comply with the Federal Rules of Civil Procedure and orders of this court. In sum, Cari Vivian's conduct has prejudiced the moving defendants, and her repeated, willful disregard of court orders and applicable rules continues to delay this case's progression to trial.

    As to the fifth factor, the undersigned finds that less drastic sanctions have previously been employed, to no effect. The court already sanctioned plaintiff for her failure to respond to discovery, ordering her to pay $2,100 for expenses incurred by defendants Johnston, Steed, Cobb, and Andrew in bringing the motion to compel. That sanction did little or nothing to motivate Cari Vivian to comply with that August 22, 2006 order, as her continued non-compliance was the subject of the November 15, 2006 hearing before the undersigned. Although the court did not explicitly tell Vivian that sanctions (including dismissal of her claim to the interplead funds) was an option, Rule 37 of the Federal Rules of Civil Procedure and Local Rule 11-110 provide explicit warnings to that effect. *See* Fed. R. Civ. P. 37(b)(2)(C); E.D. Cal. L.R.

6

1 | 11-110; *Valley Eng'r*, 158 F.3d at 1057.

2 |     In this case, Ms. Vivian has not only disobeyed the August 22, 2006 discovery order, she disobeyed the district judge's order regarding timely filing of an answer to the crossclaim.  In addition to her blatant disregard of these court orders, she has also failed to comply with the Federal Rules of Civil Procedure and several Local Rules.  Ms. Vivian's failure to comply with the Local Rules *alone* provides adequate basis for a sanction striking her answer to the complaint in interpleader.  *See* E.D. Cal. L.R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  In spite of repeated opportunities to comply with the rules, Cari Vivian has provided this court with nothing in the way of good cause to excuse her repeated violations of rules and orders.  Indeed, she has provided the court with more than adequate bases for the recommended sanction of striking her claim to the proceeds.  Having considered the factors articulated in *Malone* and *Valley Engineers*, in addition to the other acts of willful disobedience discussed above, the court finds that a sanction striking Vivian's answer to the complaint in interpleader is appropriate.

## III.  CONCLUSION

    In accordance with the foregoing, IT IS ORDERED that defendant Cari Vivian shall pay the moving defendants' expenses incurred in bringing this motion, in the amount of $2,625, pursuant to Fed. R. Civ. P. 37(a)(4)(A).

    Further, IT IS RECOMMENDED that:

  1.  The motion to strike the answer of defendant Cari Vivian to the complaint in interpleader be GRANTED;

  2.  Cari Vivian's answer to the complaint in interpleader be stricken and default judgment be entered in favor of defendants Johnston, Steed, Cobb, and Andrew as to interplead funds;

1     3. The complaint and cross-complaint be dismissed; and

2     4. The Clerk be directed to close the case.

3  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 15, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE