IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STATE FARM LIFE INSURANCE COMPANY,

        Plaintiff,

vs.

CARI VIVIAN, et al.,

        Defendants.

No. CIV-S-05-1738 WBS EFB PS

ORDER

/

    This is an interpleader action involving a dispute over the proceeds of a life insurance policy. The policy was issued by the plaintiff, State Farm Life Insurance Company ("State Farm"), to John Vivian, who is now deceased. He is survived by four daughters, Kerin Johnston, Lisa Steed, Lynne Andrew, and Jonna Cobb (hereafter "the daughters"), and an estranged wife and stepmother of the daughters, Cari Vivian, all of whom are defendants. This action centers on conflicting claims between the estranged wife on one side and the four daughters on the other. The beneficiary designation form on file with State Farm names the four daughters as sole beneficiaries. After John Vivian's death, Cari Vivian produced a substitution of beneficiary form that is dated weeks before the date of death and purports to change the beneficiary from the four daughters to Cari Vivian. The form was not provided to State Farm until after the insured's death.

1

The case is now before the court on objections to the magistrate judge's Findings and Recommendations filed on December 18, 2006, recommending that the daughters' joint motion to strike Cari Vivian's pleading and claim be granted as a sanction for previous violations of discovery orders and Local Rules.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the proposed Findings and Recommendations in full.

The Findings and Recommendations recite at length the unsettling pattern of Cari Vivian's repeated failures to comply with the court's orders. Findings and Recommendations, at 3-4, 6. As detailed in the recommendation, prior warnings and the imposition of monetary sanctions have failed to get her attention. This court agrees with the analysis in the recommendation that striking Cari Vivian's claim is the appropriate sanction under the five-part test of Valley Eng'r, Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1056-57 (9th Cir. 1998).

Cari Vivian's objections argue that the sanction is harsh. Obviously it is harsh and that is a factor necessarily considered and addressed by the Findings and Recommendations (at p. 6) regarding the fifth factor in the test, i.e., whether less drastic sanctions have been attempted but failed. As found by the magistrate judge, the court previously attempted the less drastic means of a monetary sanction for Cari Vivian's prior violations. She not only failed to pay the monetary sanction, she continued to ignore – until the evening before the November 15, 2006 hearing – the

order that she produce the discovery required by Rule 37, Fed. R. Civ. P. Her objections provide nothing of merit to counter the analysis in the recommendation.

Her argument that the Findings and Recommendations are based on a material misunderstanding of the record simply misstates the analysis in the recommendation. In summarizing the procedural background, the recommendation makes note of the unsuccessful voluntary dispute resolution efforts, and the fact that resolution of the case was at one point imminent. The Findings and Recommendations also refer to a docket entry that states that the "action was dismissed with prejudice." Cari Vivian's objections point out that this docket entry is inaccurate.[1] However, the mention of that entry in the recommendation is of no moment. The Findings and Recommendations' analysis that the sanction of striking the claim is appropriate under the <u>Valley Eng'r</u> test does not in any way depend upon the information contained in that docket entry. It has nothing to do with the conclusion reached and the reasons stated for that conclusion.

The claim that Cari Vivian was not given notice of the sanction sought and recommended is belied by the record. The Notice of Motion and Motion, at page 2, expressly states that "Vivian's failure to comply with the discovery order is without reasonable excuse, and the Court should strike her answer and enter judgment based there on." The amended notice to reflect the new hearing date provides identical information. She also argues that the defendants propounded discovery requests after a discovery cutoff date of March 10, 2006. However, that date was extended on two occasions, as authorized by the original pretrial scheduling order.[2] Moreover,

---

[1] Rather than dismissal of the action, the stipulation and order discharged State Farm, the interpleader plaintiff, and "dismissed" that party "with prejudice." Dkt entry 26, Stipulation and Order of Discharge and Dismissal.

[2] Section IX of the scheduling order authorizes the magistrate judge to modify all dates other than the dates for the final pretrial conference and trial. The orders issued by Magistrate Judge Moulds on August 22, 2006 and by Magistrate Judge Brennan on December 18, 2006 necessarily extend the discovery deadline for purposes of resolving those discovery motions and enforcing the discovery orders.

the other arguments asserted in the objections by Cari Vivian lack merit.

The daughters have filed an objection regarding the language for dismissal of their cross-complaint asserting state law claims. Although they do not object to the dismissal of the cross-claims, they seek to clarify that the recommendation to dismiss their cross-complaint should be without prejudice. The clarification is unnecessary. The Findings and Recommendations simply provide that the cross-complaint "be dismissed." Under Fed. R. Civ. P. 41(a)(2), unless otherwise specified in the order, a dismissal is without prejudice. The court adopts the recommendation to dismiss the cross-complaint. With the disposal of the federal jurisdiction claims, the court finds that it is appropriate to decline supplemental jurisdiction over the cross-claim, which presents only state law issues. United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966); Danner v. Himmelfarb, 858 F.2d 515, 524 (9th Cir. 1988).

The daughters also request that any judgment include the amount of the unpaid monetary sanctions imposed against Cari Vivian. The court notes that defendant Cari Vivian has not yet paid monetary sanctions ordered by Magistrate Judge Moulds and Magistrate Judge Brennan. Striking her answer to the complaint in interpleader and the dismissal of the cross-complaint against her does not relieve Ms. Vivian of her obligation to pay the sanctions imposed by those orders which, in combination, total $4,725.00. The judgment entered shall include the monetary sanctions in that amount.

Accordingly, IT IS ORDERED that:

1. The proposed Findings and Recommendations filed December 18, 2006, are adopted;

2. The motion to strike the answer of defendant Cari Vivian to the complaint in interpleader is granted;

3. Cari Vivian's answer to the complaint in interpleader is stricken and default judgment is entered in favor of defendants Johnston, Steed, Cobb, and Andrew as to the interplead funds;

4. The judgment entered shall include the monetary sanction against Cari Vivian and in favor of defendants Johnston, Steed, Cobb, and Andrew in the amount of $4,725.00.

1     5.  The complaint and cross-complaint are dismissed.  Fed. R. Civ. P. 41(a)(2); and

2     6.  The Clerk is directed to close the case.

3  DATED:  February 5, 2007

```
                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE
```